37 F.3d 1498
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Merton E. BOND, Plaintiff-Appellant,
v.
Clay AKISS, Blackburn Correctional Officer; William
Madison, Blackburn Correctional Officer;
Blackburn Correctional Complex,
Defendants-Appellees.
 No. 94-5328.
 United States Court of Appeals, Sixth Circuit.
 Sept. 30, 1994.
 
 Before: SUHRHEINRICH, SILER and BATCHELDER, Circuit Judges.
 
 ORDER
 
 1
 This pro se Kentucky state prisoner appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary damages, Merton Bond sued Kentucky's Blackburn Correctional Complex and two of its correctional officers in their individual and official capacities. Bond claimed that the officers violated his constitutional rights while guarding him on June 8 and 9, 1992, at the University of Kentucky Hospital. He claimed that he was subjected to cruel and unusual punishment as a result of their using handcuffs and a "black box" (an apparatus that fits over the handcuffs) to restrain him while he was hospitalized.
 
 
 3
 The case was submitted to a magistrate judge who recommended granting defendants' motion for summary judgment. Upon review of the magistrate judge's report and recommendation, and over Bond's objections, the district court granted summary judgment for the defendants and dismissed the suit. Bond has filed a timely appeal and moves the court for the appointment of counsel.
 
 
 4
 Upon review, we conclude that the district court properly granted summary judgment to the defendants. This court's review of a grant of summary judgment is de novo; it uses the same test as used by the district court. See Brooks v. American Broadcasting Cos., 932 F.2d 495, 500 (6th Cir.1991). Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988). The party moving for summary judgment bears the initial responsibility of demonstrating the absence of a genuine issue of material fact. Celotex Corp., 477 U.S. at 323.
 
 
 5
 The defendants met their burden of showing an absence of evidence to support plaintiff's case. Neither officer assigned to watch Bond noticed that the cuffs (or black box) were too tight. Registered nurse Denise Washington swore that she checked Bond frequently and that at no time during her work shift did Bond complain about the handcuffs hurting or bothering him. Moreover, she saw no evidence that the handcuffs were too tight or causing Bond discomfort. Registered nurse Susan Hubbard swore that Bond asked that the cuffs be removed because they were bothering him, but that she examined Bond's wrists and found them to have good circulation and found that the cuffs were not too tight. She made an appropriate entry into the medical record with respect to her examination. The correctional officer assigned to transport Bond from the hospital back to the prison did not recall any specific complaints of injury, nor did he note any visible injury to Bond. In addition, according to the prison's medical records, Bond reported to the prison's medical department on July 17, 1992, complaining of an abrasion to his left wrist. Bond said that his wrist was rubbed raw on a trip to the Lexington Circuit Court on July 17, 1992, not on June 8 & 9. On July 21, 1992, Bond again complained to the prison's medical staff about the laceration to his wrist and accompanying pain and numbness. He blamed his injury on the handcuffs being too tight during his court call on July 17, 1992.
 
 
 6
 In order to fall within the ambit of conduct proscribed by the Eighth Amendment, the offending conduct must reflect an unnecessary and wanton infliction of pain. Ingraham v. Wright, 430 U.S. 651, 670 (1977). For offending conduct that does not purport to be a criminal penalty, an Eighth Amendment claim has both an objective and subjective component. Wilson v. Seiter, 501 U.S. 294, 298-99 (1991). The objective component requires the plaintiff to complain of a substantial risk of serious harm or pain. Hudson v. McMillian, 112 S.Ct. 995, 999-1000 (1992). The subjective component requires that the officials act in wanton or reckless disregard of the serious pain, Wilson, 501 U.S. at 302, and that the officials know of the substantial risk of harm or pain, yet fail to act reasonably to reduce or eliminate that risk. Farmer v. Brennan, 114 S.Ct. 1970, 1979 (1994).
 
 
 7
 The defendants met their burden of showing an absence of evidence to support Bond's case. The defendants offered the affidavits of the two registered nurses who cared for Bond while he was hospitalized. Neither nurse saw evidence of any injury to Bond. Similarly, the guards assigned to watch and transport Bond did not see any evidence that the handcuffs were injuring Bond. These affidavits show that Bond's pain was not serious and that they did not act in wanton or reckless disregard of any pain. In addition, the prison's hospital records reflect that Bond complained of an abrasion to his left wrist after he was taken out of prison on a court call. This evidence also shows that Bond's injury did not happen when he said it happened and that the named defendants did not act in wanton disregard of any pain.
 
 
 8
 In the face of the foregoing evidence, Bond was required to present significant probative evidence in support of his complaint. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986); Lapointe v. UAW, Local 600, 8 F.3d 376, 378 (6th Cir.1993). The mere existence of a scintilla of evidence in support of Bond's position will be insufficient; there must be evidence on which the jury could reasonably find for him. Anderson, 477 U.S. at 252.
 
 
 9
 Bond did not meet this burden of production. Although Bond filed a response to defendants' motion for summary judgment, he did not present any significant probative evidence to rebut the defendants' evidence. Bond did not refute the evidence of record that he did not complain of any injury upon his return from the hospital. Bond offered no explanation why he waited to complain of his injury until July 17, 1992, or why he said he injured his wrist during a court call to Lexington. Most importantly, Bond offered nothing to contradict the affidavits of the attending nurses. The hospital nurses regularly examined Bond and did not find any evidence of injury, nor did they find that the cuffs were too tight. All Bond offered in his response was a self-serving statement that the court call to Lexington "reopened his old injury."
 
 
 10
 Finally, we conclude that the district court properly denied Bond's motion for the appointment of counsel because no exceptional circumstances existed warranting the appointment in this case. Lavado v. Keohane, 992 F.2d 601, 605-06 (6th Cir.1993).
 
 
 11
 Accordingly, the motion for appointment of counsel on appeal is denied and the district court's judgment is hereby affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.